IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lavern Justin Reed, ) | Case No.: 5:24-cv-903-JD-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Director Harvey, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 18.) Petitioner Lavern Justin Reed ("Petitioner" or "Reed"), proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his pre-trial detention. (DE 1, p. 1.) Petitioner's claims concern his pending state criminal charges and pretrial detention. (*See* DE 1.) The Magistrate Judge reviewed the petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.

The Report was issued on May 3, 2024, recommending that Petitioner's Amended Complaint be dismissed for failure to state a claim upon which relief can be granted. (DE 18.) The Report indicated that,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] As noted in the Report, the Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

1

> [a]lthough pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, *see United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995), federal habeas relief is only available if exceptional circumstances justify the provision of federal review. *Dickerson v. State of La.*, 816 F.2d 220, 227 4th Cir. 1987). In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

(DE 18, p. 3.)

Petitioner did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 18) and incorporates it here by reference.

It is, therefore, **ORDERED** that Reed's Petition is dismissed without prejudice and without requiring Respondent to file a return. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 19, 2024

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.